IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02002-GPG

THE PINES AT MARSTON LAKE,

    Plaintiff,

v.

JAMIE KINGSFORD, and All Other Occupants,

    Defendants.

ORDER FOR SUMMARY REMAND

    Defendant, Jamie Kingsford, has filed *pro se* a "Notice of Removal" (ECF No. 1); an "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)" (ECF No. 2); a copy of a "Complaint Unlawful Detainer" (ECF No. 3) filed against her in the County Court for the City and County of Denver, Colorado; a copy of an "Answer Under Simplified Civil Procedure (Including counterclaim(s) and cross claim(s))" (ECF No. 4) she filed in the state court case; a "Civil Cover Sheet" (ECF No. 1-3); and a copy of a "Summons (Unlawful) Detainer" (ECF No. 1-4). Ms. Kingsford has removed to this Court case number 15C65988 filed in the County Court for the City and County of Denver, Colorado.

    The Court must construe the papers filed by Ms. Kingsford liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons

stated below, this action will be remanded to the state court.

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

Ms. Kingsford indicates she is removing this eviction action to federal court pursuant to § 1441(a) based on the existence of a federal question. Generally, removal under § 1441(a) is appropriate only if the federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, the Supreme Court has recognized that removal also is appropriate pursuant to § 1441(a) for state-law claims that implicate significant federal issues. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). The relevant question for state-law claims between nondiverse parties "is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Ms. Kingsford fails to demonstrate the existence of a federal question that

supports removal of this eviction action. The copy of Plaintiff's complaint (ECF No. 3) seeking to evict Ms. Kingsford from her apartment for allegedly violating the terms of her lease does not present a federal question or a state law claim that implicates significant federal issues. Instead, it appears that Ms. Kingsford seeks to remove this action because she intends to raise a federal defense based on membership in a protected class. (*See* ECF No. 1 at 3.) However, except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *See Johnson*, 404 F.3d at 1247.

The instant action will be remanded summarily to the state court based on a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)" (ECF No. 2) is granted. It is

FURTHER ORDERED that this action is remanded summarily to the County Court for the City and County of Denver, Colorado. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the County Court for the City and County of Denver, Colorado.

DATED at Denver, Colorado, this  16th  day of   September  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

3